UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN SEAN BARTON,

                Plaintiff,

      -against-

OTSUKA PHARMACEUTICALS;
BRISTOL-MYERS SQUIBB; NYS OFFICE
OF MENTAL HYGIENE; NYC OFFICE OF
MENTAL HYGIENE; LATIA HARRIS;
LASHAWN KITCHEN; LANCE TREVOR
BARTON; THE LEGAL AID SOCIETY;
JENNIFER GLADSTONE; VANESSA
ESCAURSE; DESTINY ESCOURSE;
RAKIM MAYERS; AARON HARRIS OR
AARON JENKINS; NASIR JONES;
REGINA SMITH,

                Defendants.

19-CV-4758 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction and diversity jurisdiction. By order dated June 3, 2019, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set

forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the

date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The complaint is sloppily written, and not a model of clarity. Plaintiff Ivan Sean Barton, who is no longer in custody, asserts that the events giving rise to this complaint occurred between March 2017 and March 2019 at Rikers Island and Mid-Hudson Forensic Psychiatric Center. He sues Otsuka Pharmaceuticals, Bristol-Myers Squibb, the mental health agencies of New York City and New York State,[1] the Legal Aid Society, and eleven individuals whom Plaintiff does not identify or discuss in any detail.

Plaintiff alleges as follows:

All Defendants acting in concert as one unit to "obstruct justice" by keeping Plaintiff in a "mental stupor and while profiting from Plaintiff's suffering and having sex with together in a macabre scheme knowingly forced/compelled Plaintiff to take knowing full well that Plaintiff is not a candidate not is mentally ill, made him take debilitating drugs chiefly Abilify and the companies that makes such drugs giving gifts and money to Plaintiff's ex paramours named herein and the agencies named herein having committed lewd lascivious acts consistent with pedophilia against Plaintiff's offspring and those offspring being on illicit drugs and working with the other defendants to harm Plaintiff and to further "obstruct justice" from a wrongful prosecution and all parties known as defendants herein having a meeting of mind to harm and has harm Plaintiff.

(ECF No. 2 ¶ III.)

---

[1] The proper names for these agencies is the New York State Office of Mental Health, and the New York City Department of Health and Mental Hygiene.

Plaintiff seeks money damages and injunctive relief. Attached to the complaint is a motion, captioned for the New York State Supreme Court, New York County, seeking to vacate a 1994 judgment of conviction.

## DISCUSSION

### A.       Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*

The complaint fails to comply with Rule 8, because it does not contain facts showing that Plaintiff is entitled to relief from Defendants.

### B.       Private Parties

The Court liberally construes Plaintiff's claims as arising under 42 U.S.C. § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he

United States Constitution regulates only the Government, not private parties."). A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

In addition, absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

The individual Defendants appear to be private parties who do not work for any state or other government body. The Legal Aid Society is not considered to be a state actor for § 1983 purposes. Accordingly, Plaintiff has not stated a claim against these defendants under § 1983.[2]

**C.     New York City and the Department of Health and Mental Hygiene**

Plaintiff's claims against the New York City Department of Health and Mental Hygiene must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of

---

[2] Moreover, Plaintiff alleges no facts showing the defendants' direct and personal involvement in any alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has failed to allege any facts suggesting that the City of New York should be held liable for whatever occurred.

**D.      The New York State Office of Mental Health**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York Office of Mental Health are therefore barred by the Eleventh Amendment and are dismissed.

**E.      The Pharmaceutical Companies**

The complaint could be liberally construed as asserting a products liability claim under the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Under New York law, there are four separate theories under which a plaintiff may recover based upon a claim of products liability: (1) strict liability; (2) negligence; (3) express warranty; and (4) implied warranty. *See Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 251 (E.D.N.Y. 2014); *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106-07 (1983). To establish a *prima facie* case with regard to any of these four theories, the plaintiff must show that the product at issue was defective and that the defective product was the actual and proximate cause of her injury. *Voss*, 59 N.Y.2d at 107-09, *see also* 89 N.Y. Jur. 2d Products Liability § 2.

It is not clear that Plaintiff intends to state a products liability claim, or that the Court would have diversity jurisdiction over this matter. The Court thus grants Plaintiff leave to amend his complaint.[3]

## LITIGATION HISTORY

Plaintiff is no stranger to this Court. Plaintiff has a history of filing complaints and moving for voluntary dismissal. *See In re: Ivan Sean Barton*, Nos. 18-CV-2021, 18-CV-2148, 18-CV-2192 (CM) (S.D.N.Y. Mar. 22, 2018) (dismissed after Plaintiff notified the court that he wished all of his pending cases be dismissed); *Barton v. James*, No. 18-CV-1821 (CM) (S.D.N.Y. Mar. 22, 2018) (same); *Barton v. Woodman*, No. 17-CV-5050 (VEC) (GWG) (S.D.N.Y. Mar. 13, 2018) (same); *Barton v. Hannah*, No. 17-CV-5100 (JMF) (S.D.N.Y. Mar. 14, 2018) (same); *Barton v. Kushner*, No. 18-CV-5173 (JGK) (S.D.N.Y. Oct. 22, 2018) (same). Two of Plaintiff's other cases were dismissed on the merits. *See Barton v. Rodriguez,* No. 17-CV-3441 (CM) (S.D.N.Y. Jan. 11, 2018) (dismissing action for failure to state a claim); *Barton v. Obama*, No. 16-CV-4211 (CM) (S.D.N.Y. Aug. 10, 2019) (same). Yet others were dismissed for failure to prosecute (*see Barton v. Doe*, No. 18-CV-5972 (KMK) (S.D.N.Y. May 20, 2019), *Barton v. Janssen Pharmaceuticals*, No. 15-CV-3200 (LAP) (S.D.N.Y. June 18, 2015); *Barton v. Obama*, No. 16-CV-4212 (WHP) (S.D.N.Y. Mar. 9, 2018)), or for failure to comply with court orders (*Barton v. Mahoney*, No. 18-CV-11937 (CM) (S.D.N.Y. Mar. 6, 2019), *Barton v. Doe*, No. 16-CV-7690 (LAP) (S.D.N.Y. Dec. 22, 2015)). Plaintiff has one case pending. *See Barton v. Will*, No. 18-CV-5971 (KPF) (S.D.N.Y. filed June 29, 2018) (pending).

---

[3] It is also not clear that this Court has personal jurisdiction over Defendants. *See Trisvan v. Heyman*, 305 F. Supp. 3d 381, 394 (E.D.N.Y. 2018) (discussing, in a product liability case, personal jurisdiction under N.Y. C.P.L.R. § 302(a)-(c)).

Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims.[4] In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

---

[4] The Court will determine at a later stage whether or not to exercise supplemental jurisdiction over any state-law claims Plaintiff is asserting. *See* 28 U.S.C. § 1367(c)(3).

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and electronically notify Plaintiff of this order. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4758 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 21, 2019
        New York, New York

 

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial        Last Name

_____

Street Address

_____

County, City                        State                 Zip Code

_____

Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State               Zip Code

Defendant 2:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State               Zip Code

Defendant 3:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State               Zip Code

Defendant 4: _____

                First Name           Last Name

                _____

                Current Job Title (or other identifying information)

                _____

                Current Work Address (or other address where defendant may be served)

                _____

                County, City           State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.