UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN SEAN BARTON,

                              Plaintiff,

-against-

LANCE TREVOR BARTON, *et al.*,

                              Defendants.

19-CV-4758 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se* and *in forma pauperis* (IFP), filed this complaint against multiple defendants under the Court's federal question jurisdiction and diversity jurisdiction. By order dated June 21, 2019, the Court directed Plaintiff to file an amended complaint, because his original pleading did not state a claim. Plaintiff filed an amended complaint on July 9, 2019, and the Court has reviewed it. For the following reasons, this action is dismissed.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Ivan Sean Barton, who is no longer in custody, filed this complaint regarding events that occurred between March 2017 and March 2019 at Rikers Island and Mid-Hudson Forensic Psychiatric Center. He sued Otsuka Pharmaceuticals, Bristol-Myers Squibb, the mental health agencies of New York City and New York State,[1] the Legal Aid Society, and eleven individuals whom Plaintiff did not identify or discuss in any detail. Plaintiff alleged as follows:

> All Defendants acting in concert as one unit to "obstruct justice" by keeping Plaintiff in a "mental stupor and while profiting from Plaintiff's suffering and having sex with together in a macabre scheme knowingly forced/compelled Plaintiff to take knowing full well that Plaintiff is not a candidate not is mentally ill, made him take debilitating drugs chiefly Abilify and the companies that makes such drugs giving gifts and money to Plaintiff's ex paramours named herein and the agencies named herein having committed lewd lascivious acts consistent with pedophilia against Plaintiff's offspring and those offspring being on illicit drugs and working with the other defendants to harm Plaintiff and to further "obstruct justice" from a wrongful prosecution and all parties known as defendants herein having a meeting of mind to harm and has harm Plaintiff.

---

[1] The proper names for these agencies is the New York State Office of Mental Health, and the New York City Department of Health and Mental Hygiene.

(ECF No. 2 ¶ III.) Attached to the complaint was a motion, captioned for the New York State Supreme Court, New York County, seeking to vacate a 1994 judgment of conviction. Plaintiff sought money damages and injunctive relief.

In the June 21, 2019 order, the Court liberally construed the complaint as asserting constitutional claims under 42 U.S.C. § 1983, and directed Plaintiff to amend because his original pleading did not comply with Rule 8. It was devoid of facts stating a claim against any of the named Defendants, and sought relief from immune defendants and private parties who could not, under the facts alleged, be held liable under § 1983. The Court explicitly stated that Plaintiff had failed to provide facts showing that it had diversity jurisdiction over this matter. The Court also noted Plaintiff's history of filing nonmeritorious cases, and warned him that further duplicative or frivolous litigation in this Court would result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

Plaintiff's amended complaint is largely unreadable. In it, he purports to proceed solely under the Court's diversity jurisdiction. Plaintiff names many new defendants without explaining why who they are or what they did to violate his federally protected rights. Some of the defendants share Plaintiff's last name, and appear to be relatives of Plaintiff. Others are well-known public figures, including Mark Zuckerberg, Ellen Degeneres, Oprah Winfrey, Beyonce, and Russell Simmons.

**DISCUSSION**

Even when read with the " special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Plaintiff's amended complaint must be dismissed as frivolous. Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## WARNING LANGUAGE

In the June 21, 2019 order, the Court listed Plaintiff's fifteen prior cases — which have been voluntarily dismissed, or dismissed for failure to state a claim or for failure to prosecute — and warned him that further duplicative or frivolous litigation in this Court will result in an order barring him, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. That warning remains in effect.

## CONCLUSION

The Clerk of Court is directed to electronically notify Plaintiff of this order. The complaint is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 19, 2019
        New York, New York

                                        COLLEEN McMAHON
                                 Chief United States District Judge